# Regulations of the Judicial Ethics Advisory Board

## 1.0 Preamble

### 1.1 Purpose

**[As a unified body, independent from the judicial conduct structures of the Judicial Conduct Board and Court of Judicial Discipline, t]T**he Judicial Ethics Advisory Board **[(JEAB)]** is the designated and approved body to render advice**, [and]** opinions**, and guidance** regarding appropriate ethical conduct involving all judicial officers and candidates for all judicial offices who are subject to the Code of Judicial Conduct and/or the Rules Governing Standards of Conduct of Magisterial District Judges (collectively, the "Codes").[1]

### 1.2 Mission Statement

To ensure the continued integrity and public trust of Pennsylvania's judiciary, the Judicial Ethics Advisory Board shall, upon request, provide Advice and/or Opinions to any Judicial Officer or judicial candidate based on the Codes. **[The Advice and Opinions shall strive, where appropriate, to distinguish between mandatory and aspirational provisions of the Codes so as to guide the conduct of Judicial Officers as required under the Codes.]**

## 2.0 Definitions

All terms used in these Regulations shall have their ordinary meanings unless noted otherwise or as defined by the Pennsylvania Rules of the Judicial Ethics Advisory Board **[(Pa.R.J.E.A.B.)]** or these Regulations.

**"Advice/Panel Advice"** or **"Advisory Opinion"** – A Panel's written advisory opinion issued in response to a written Request received from a Judicial Officer.

**"Attendance" or "Attending"** – Board Members present at a Board meeting either in person or by electronic or other means permitting interaction between the Members.

**"Board"** – The Judicial Ethics Advisory Board.

---

[1] The **[JEAB] Judicial Ethics Advisory Board** supersedes the prior designations of committees of the Pennsylvania Conference of State Trial Judges and the Special Court Judges Association of Pennsylvania to render such advice or opinions.

**"Codes" –** Collectively, the Code of Judicial Conduct and the Rules Governing Standards of Conduct of Magisterial District Judges.

**"Essential Member"** – The Member of a Panel who is of the same judicial level as the inquiring Judicial Officer.

**"General Ethics Guidance"** – A written opinion by the Board that the Board may, in its discretion, issue to address general ethics advisory guidance on any relevant topic under the Codes. General Ethics Guidance is not in response to a specific written request from a Judicial Officer.

**"Issuance"** or **"Issued"** – The act of communicating the written decision of a Panel or the Board to a Judicial Officer as provided for under these Regulations.

**"Judicial Officer" –** Any individual within the Application of the Codes, including judicial candidates.

**"Member"** – An individual appointed to the **[Judicial Ethics Advisory]** Board.

**"Opinion"** – A decision by the Board, as provided for under these Regulations, to either adopt, modify, or overrule the Advice of a Panel interpreting an inquiring Judicial Officer's duties and obligations under the Codes, in response to a specific, factual scenario submitted for that purpose.

**"Panel"** – Three **[(3)]** Members of the Board whom staff appoints to render Advice in response to a Request from a Judicial Officer.

**"Request" –** A written submission by a Judicial Officer to the Board seeking an Advisory Opinion under Section 8.0 of these Regulations.

**"Regulations" –** These Judicial Ethics Advisory Board Regulations as adopted by the Board and **[as amended]** <u>approved</u> by the **[Board from time to time]** <u>Supreme Court</u>.

**"Rule"** <u>or "Rules"</u> – <u>Unless otherwise indicated, rule citations herein refer to</u> **[T]**<u>t</u>he Pennsylvania Rules of the Judicial Ethics Advisory Board (Pa.R.J.E.A.B.).

**"Served or Service"** – The transmission of an Advice or Opinion of the Board whether by mail, email, fax, or some other authorized manner of secure delivery as provided for under these Regulations.

**"Staff"** – <u>**The Executive Director of the Board**</u> **[Employees of the JEAB, including]** <u>and</u> any <u>other</u> full-time**[,]** and part-time <u>personnel appointed</u>

**by the Board under Rule 104(d)(2)** [contract and/or designated agents of the JEAB, either current or future].

**3.0    Board Membership**

3.1    Officers

In accordance with **[Pa.R.J.E.A.B.]** Rule 104(a), the Supreme Court shall designate one Member to serve as Chair and another to serve as Vice-Chair.

3.2    The Chair shall:

3.2.1    **[Preside over the Board at all Board meetings**.

**3.2.2    Decide all points of order, subject to appeal by no less than 2/3 of those Members present.] With the assistance of the Executive Director, set the meeting agenda and determine the order in which Board business is addressed.**

3.2.**2    Preside over the Board at all Board meetings.**

3.2.3    **[The duties and powers of the Chair shall not be limited to those expressed herein but shall be subject to any law or rule otherwise duly promulgated and enacted] Exercise any other prerogatives or duties specifically delegated by the Board or referenced in these Regulations**.

3.3    The Vice-Chair shall**[:**

**3.3.1    Assist the Chair as requested or required.**

**3.3.2    Serve in place of the Chair if the Chair is unable to execute the duties and responsibilities of the position.] assume the prerogatives and duties of the Chair if the Chair position is vacant or the Chair is absent or unable to act**.

3.4    Standards of Member Conduct

3.4.1    Appellate and Trial Court Judge Members shall be bound by the Code of Judicial Conduct.

3.4.2    Magisterial District Judge Members shall be bound by the Rules Governing Standards of Conduct of Magisterial District Judges.

3.4.3 Attorney Members of the Board shall be bound by the Rules of Professional Conduct.

3.4.4 **[Pa.R.J.E.A.B.]** <u>Rule</u> 105 **(Confidentiality)** and Section 5.0 hereof**[,]** evidence a strong commitment to encourage Judicial Officers to seek ethics advisory opinions and that all such communications to and from the Board are to be confidential.  In light of these objectives, Members are relieved of any obligation under the Codes to report to an appropriate authority conduct of a Judicial Officer that is the subject of a Request permitted under these Regulations.

3.5 Conflicts

Members shall refrain from participating in the work of either a Panel or Board that pertains to their own Request or in any other matter where a Member's impartiality might reasonably be questioned.

3.6 **[While acting in their official capacity, Judge Members shall be deemed to be performing a judicial function.]** <u>**Board Member Training**</u>

**3.6.1** <u>**The Board shall develop a course of training on judicial ethics, as regulated by the Codes, which course of training will be subject to approval by the Continuing Judicial Education Board.**</u>

**3.6.2** <u>**Every Board member shall complete the approved training prior to engaging in service on the Board.**</u>

**3.6.3** <u>**A member may complete the required training either by attending in-person training or via a pre-recorded training program.**</u>

**4.0 Board Meetings**

4.1 Board Calendar

For reporting purposes, the Board shall operate on a **[fiscal]** <u>**calendar**</u> year beginning **[July]** <u>**January**</u> 1st and ending **[June 30th]** <u>**December 31st**</u>.

4.2 Meeting Dates

The Board shall meet at least quarterly.  At or prior to the last meeting of the Board for the **[fiscal]** <u>**calendar**</u> year, the **[Board]** <u>**Chair**</u> shall establish fixed meeting dates for the next Board Calendar.  The Board may convene meetings at such other times as the Chair or a majority of the Members

determine. Staff shall provide all Members due and timely notice of all Board meetings.

4.3    Member Participation

Board Decisions are enhanced by the participation of all Members; therefore, Members are encouraged to attend each meeting in person and to participate in all Board discussions and decisions.

4.4    Quorum

4.4.1  A majority of the Members of the Board shall constitute a quorum.

4.4.2  When less than a quorum of Members is in Attendance, it shall be the duty of the Chair or Vice-Chair to adjourn the meeting.

4.4.3  In the absence of the Chair and Vice-Chair, it shall be the duty of the **[most senior Member]** **Executive Director** to adjourn the meeting when less than a quorum is in Attendance. **[Seniority shall be established by date of admission to the Pennsylvania Bar.]**

4.5    Voting and Decisions

**Members must be in Attendance to vote. Proxy votes are not permitted. Votes or opinions expressed prior to discussion at a meeting of the Board shall not be considered for purposes of determining Board action.**

4.5.1  Board Decisions shall be determined as follows:

a.    A majority vote by the Members Attending a duly called Meeting of the Board shall be required to adopt, modify or reverse any Advice.

b.    A majority vote of all Members shall be required to modify or reverse a previously issued Opinion of the Board.

c.    A majority vote of all Members shall be required to modify, reverse, or adopt the issuance of a General Guidance.


**5.0    Confidentiality**

Communications to and from the Board are confidential except as described here. Establishing the confidentiality of Board proceedings and communications to and from the Board is critical to encourage Judicial Officers **[and candidates for**

**judicial office]** to seek ethics opinions and advice from the Board. Encouraging Judicial Officers **[and candidates for judicial office]** to seek ethics opinions and advice from the Board will promote ethical conduct and the fair administration of justice. The need for preserving confidentiality outweighs the need for disclosure in the interest of justice. Therefore, to implement **[Pa.R.J.E.A.B. No.]** <u>Rule</u> 105 **(Confidentiality)**, and to promote ethical conduct by Judicial Officers **[and candidates for judicial office]** and to encourage them to seek ethics opinions and advice from the Board, the following confidentiality requirements and exceptions apply to Requests and other matters before the Board:

5.1     Confidentiality

With the exception of Opinions and General Ethics Guidance published by the Board under **[Pa.R.J.E.A.B. No.]** <u>Rules</u> 204(b) **(Publication of Board Opinions)** and (c) **(General Ethics Guidance)**, all Opinions, inquiries, replies, circulated drafts, records, documents, writings, files, communications with Staff, work product of the Board or Staff, and deliberations and proceedings of the Board are confidential.

5.2     Members and Staff

Members of the Board and Staff may not disclose (outside the Board or Staff) any confidential information, including identifying information, obtained by the Board or Staff.

5.3     Waiver of Confidentiality by Judicial Officer

A Judicial Officer **[or candidate for judicial office]** may waive confidentiality, and such a waiver must be in writing. If a Judicial Officer **[or candidate]** making a request for an Opinion or Advice waives confidentiality or asserts reliance on an Opinion or Advice in judicial or attorney discipline proceedings, such Opinion or Advice no longer is confidential under these Rule. Notwithstanding any such waiver, Board deliberations and all other records concerning the Request shall remain confidential.

5.4     Conclusion of Service by Members of the Board

Board Members shall return to Staff or destroy any records in their possession at the end of their terms of service.

**6.0     [JEAB] <u>Board</u> Contact Information**

Any Judicial Officer may request an Advisory Opinion by submitting a Request to the Board in writing.  Requests may be submitted via United States Mail, special courier, fax, or email.

6.1    Mailing Address

The designated mailing address for any communications addressed to the **[JEAB] <u>Board</u>**, including Requests for Advisory Opinions, shall be:

**Judicial Ethics Advisory Board**
**Pennsylvania Judicial Center**
**601 Commonwealth Avenue, Suite 6100**
**PO Box 62333**
**Harrisburg, PA  17106-2333**

6.2    Email Address

The designated email address for any communications sent to the **[JEAB] <u>Board</u>**, including Requests for Advisory Opinions, shall be:

JEAB@pacourts.us

6.3    Fax Number

The designated fax number for any communications sent to the **[JEAB] <u>Board</u>**, including Requests for Advisory Opinions, shall be:

**717-231-9594**

6.4    Electronic Mail

Any Board action required to be communicated in writing may be sent by electronic mail, provided such electronic mail includes the following language:

Confidentiality Statement:  This electronic mail transmission (including attachments) is covered by the Electronics Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential, and/or may be legally privileged.  The information is intended only for the use of the individual or entity named in this transmission.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying, or the taking of any action in reliance on the contents of this transmission, is strictly prohibited.  Please reply to the sender that you have received the message in error, and then delete it.

6.5    Public Media

All requests for commentary or interview by the news media regarding the Board or Board business should be referred to either the **[Chair] <u>Executive Director</u>** or to the Supreme Court's Press and Communications Office at 717-231-3324.

## 7.0    Records and Files

### 7.1    Security

All records, papers, files, *etc.* of the JEAB shall be confidential and shall remain confidential.  Staff shall adequately secure all files and records of the Board, regardless of format (*i.e.,* paper and/or electronic), to ensure confidentiality.

### 7.2    Storage Format

Paper documents shall be converted to an electronic format.

### 7.3    Paper File Retention Schedule

All paper documents shall be maintained for one calendar year after conversion to an electronic format.  Upon expiration of one year, paper records may be destroyed in a secure manner.

### 7.4    Electronic File Retention Schedule

Electronic files shall be maintained according to the following schedule, or as otherwise required by law:

| Category | Time Measured From: | Mandatory Retention Period |
|---|---|---|
| Requests for Advisory Opinion – No Jurisdiction | Date of receipt | Retain 2 years |
| Requests for Advisory Opinion - OPENED | Date of receipt | Permanent Record – Retain indefinitely |
| Advice | Date of Issuance | Permanent Record – Retain indefinitely |
| Opinion | Date of Issuance | Permanent Record – Retain indefinitely |

| | | |
|---|---|---|
| General Guidance | Date of Adoption | Permanent Record – Retain indefinitely (in the event of a retirement or overruling of the General Guidance, the original shall nonetheless be maintained, although no longer published) |
| Miscellaneous Matters Where Official Action Taken | Date of receipt or creation of item | Retain 3 years |
| General Correspondence Records Not Relating to Official Action Taken | Date of receipt or creation of item | Retain 1 year |
| Financial Records: Journals, Invoices, Bills, Expense Reports, BEV, Receipts, etc. | Close of the year for which the records apply | Retain 7 years |
| Budget Preparation Files | Date of receipt or creation of item | Retain fiscal year plus 5 years or as otherwise provided by funding source |
| Minutes of Board Meetings | Date of Adoption by the Board | Permanent Record – Retain indefinitely |
| Training (Not Individual) | Date of event or completion | Retain 5 years after presentation is completed |
| Purchase Order Files | Date of receipt or creation of item | Retain 7 years |

7.5    Conflict with Other Retention Schedules

These schedules are intended to be consistent with those set forth in the Supreme Court of Pennsylvania Administrative Office of Pennsylvania Courts (AOPC) Record Retention & Disposition Schedule.    Unless otherwise required by law, AOPC schedules shall govern.

7.6    Mandatory Minimum Retention Periods

The record retention periods set forth herein are minimum retention terms, after which the files may be destroyed. The files may also be retained for longer than the established retention periods.

7.7 Methods of Record Destruction

    7.7.1 Confidential Records

    When confidential information may be contained in the records, shredding is the preferred method of destruction. Regardless of manner, destruction of records shall be by such a means as to permanently prevent the disclosure of the contents thereof.

    7.7.2 Non-Confidential Records

    Records that do not contain confidential information may be shredded, incinerated, or otherwise destroyed according to general practice.

## 8.0 Panel Advice and Board Review

Judicial Officers must submit Requests to the Board in writing under Section 6.0. A Request must contain a statement of the facts regarding the intended conduct and a concise question of judicial ethics, with references to the relevant section(s) of the Codes, case law, and other authority the inquiring Judicial Officer already has consulted. A Request must relate to the inquiring Judicial Officer's own prospective conduct or conduct of the inquiring Judicial Officer that has occurred in the past and is ongoing. **The Board will not consider a Request by the inquiring Judicial Officer relating to the conduct or prospective conduct of another Judicial Officer except as necessary to address a Judicial Officer's obligations pursuant to Rule 2.12 (Supervisory Duties) of the applicable Code.** A Request may not relate to hypothetical situations or to facts that are the subject of past or pending litigation, disciplinary investigation, or disciplinary proceedings. Judicial Officers must submit Requests at least 14 days prior to the event or action giving rise to the question. The Board Chair or the Chair's designee may, in his or her discretion, waive this 14-day requirement for good cause and if the inquiry can be addressed in the time available.

8.1 Request Intake

    The Executive Director is designated and authorized to receive any and all Requests seeking an Advisory Opinion.

8.2 Jurisdictional Closure

    Any request for an Advisory Opinion from someone other than a Judicial Officer may be closed by the Executive Director for lack of jurisdiction without Board approval.

8.3 Insufficient Request

If the **[JEAB] <u>Board</u>** receives a jurisdictionally appropriate Request but lacks sufficient information to render Advice, Staff will obtain additional facts from the **<u>inquiring</u>** Judicial Officer. Staff may close the Request **<u>without Board approval</u>** if the **<u>inquiring</u>** Judicial Officer fails or refuses to provide the requested information within **[fourteen (]**14**[)]** days.

8.4     Panel Determination and Assignment

Following receipt of a Request, the Executive Director shall identify the level of the judicial system of the inquiring Judicial Officer. The Executive Director shall assign the Request to a **[pre-determined]** Panel **[approved by the Board]**.

8.5     Panel Member Assignment

**[In an effort to foster diversity and workload equality, e]<u>E</u>**ach Member will rotate Panel assignments. **[Upon completion of a two (2) year cycle, each Member will have served with every other Member of the Board to the extent practical.]** Each Panel shall contain at least one Member of the same judicial level as the inquiring Judicial Officer. Panel makeup shall be confidential and shall not be disclosed except to **<u>Board</u>** Members and Staff **[of the JEAB]**. **[Individual Panel assignments shall rotate on a quarterly basis.]**

**<u>8.5.1   Philadelphia Municipal Court Essential Member</u>**

**<u>For Requests originating from Judicial Officers of the Philadelphia Municipal Court, a Board member from the Municipal Court or any common pleas court shall be qualified to serve as an Essential Member of the Panel.</u>**

8.6     Identity Redaction

The Judicial Officer's Request shall be redacted by Staff so the identity of the Judicial Officer shall not be known to the Panel or Board. Only Staff will have access to the identity of the inquiring Judicial Officer. The identity of an inquiring Judicial Officer may be disclosed to the Chair when, in the Chair's opinion, there is a clear and convincing need to know. At no time shall the Chair or **[s]<u>S</u>**taff intentionally disclose the identity of the inquiring Judicial Officer absent an explicit and express waiver by the inquiring Judicial Officer in writing, or the Chair believes disclosure is necessary for a clear and convincing reason.

**[8.7     Panel Action**

**The Essential Member of a Panel shall act as director of the Panel.**

**8.7.1 Communication**

**Communication among the Panel, and between the Panel and Staff, shall be through or as authorized by the Essential Member.]**

8.**[8]7** Advice

A Panel determination shall be deemed achieved upon a two-thirds **[(2/3)]** or greater consensus of the Panel.  Once a **[consensus] determination** is reached, the determination of the Panel shall constitute the Advice, and Staff shall communicate the Advice to the inquiring Judicial Officer in writing.

**8.8.1 All members of the Panel must respond before a Panel determination is reached.**

**8.8.2** The Panel membership shall remain confidential to the Requesting Judicial Officer.

8.**[9]8** Reconsideration of Advice

After a Panel issues an Advice following a Request by a Judicial Officer, the Judicial Officer **[shall have the ability to] may** seek reconsideration of the Panel Advice.

8.9.1  Timing

A request for reconsideration of Panel Advice must be in writing and must be received by Staff within **[fourteen (14)] five** days of Service of the Panel Advice.

8.**[10]9** Board Review

After issuing Advice to the inquiring Judicial Officer, Staff shall circulate the Advice to the Board for review.  Members shall respond in writing within twenty days of circulation by **[addressing] sending** any agreement, disagreement, or comment to Staff, and **by** sending a copy **[thereof]** of any substantive **comment or disagreement** to each Member of the Board.  A Member who does not respond within the stated timeframe shall be presumed to agree with the Advice.  If there is no disagreement with the Advice, the Advice shall be deemed the Board Opinion, so long as no request for reconsideration is pending.  A deemed Opinion shall be ratified by vote of the Board at the next meeting.

If a majority of the Board (**[five] seven** or more Members) register disagreement with an Advice, Staff shall notify the inquiring Judicial Officer

promptly, and the matter shall be timely scheduled for Board resolution. The Board shall reach a Board Decision as to the Advice as soon as possible.

8.1**[1]0**      Opinion Publication

The Board may adopt, modify, or reverse any Advice.  Once a Board Decision has been reached under Regulation 4.5.1, the Board Decision shall constitute the Opinion of the Board.   Staff shall promptly serve the Opinion of the Board upon the inquiring Judicial Officer.  Publication by the Board of any Opinion shall occur only after the period for Board Reconsideration has expired.

8.1[**2]1**      Dissenting Members

Any Member of the Panel or Board shall retain the right to dissent from the majority decision of either a Panel or the Board.  **[A Member may, but is not required to, express an opposing view in writing. Any written dissent]** **Dissenting votes may be recorded and retained internally for future reference by the Board, but** shall **not** be **[part of]** **reflected on** the issued **Advice or** Opinion. **[A dissent shall not identify the Member-author by name.]**

8.1**2**.  **Reasoned Advice/Opinion**

**8.12.1  The Panel Advice and Board Opinion shall be reasoned, in that they shall reference the relevant section(s) of the Codes, case law, and other authority consulted in reaching the conclusions contained therein and apply the same to the facts as set forth in the Request. The Board may also consider for their persuasive value publicly available advice or opinions from other state judicial ethics advisory bodies or courts on the subject of the Request.**

**8.12.2   Nothing in the Rules or these Regulations shall prohibit either the Board, a Panel, an individual Member, or Staff from citing, referencing, or considering any previously issued opinion or findings of the Ethics Committees of the Pennsylvania Conference of State Trial Judges and/or the Special Court Judges Association of Pennsylvania as persuasive authority in reaching a decision on a Request or in offering General Guidance.**

**8.12.3 The Panel Advice and/or Board Opinion shall set forth a conclusion as to whether facts regarding the intended conduct set forth in the Request give rise to a violation of any section(s)**

**of the Code(s). Where possible and appropriate, the Panel Advice and/or the Board Opinion may provide a qualified response with accompanying advice on how the Judicial Officer may engage in the proposed conduct without violating the Code(s).**

8.13    Reconsideration

8.13.1   Under [**Pa.R.J.E.A.B.**] Rule 207 **(Reconsideration)**, an inquiring Judicial Officer may submit a written request for reconsideration within twenty days of the Board's Opinion adopting, modifying, or reversing an Advice.  The inquiring Judicial Officer shall present a detailed explanation setting forth the reason(s) why the Board should reconsider the Opinion.

8.13.2   If the Board declines to issue an Opinion, the inquiring Judicial Officer may seek reconsideration of the inaction within 20 days of Service of notice of the Board's inaction.

8.13.3   A Request for reconsideration must be in writing and must be received by Staff before 5:00 p.m. (EST) on the twentieth day following Service of an Opinion or Notice of Inaction.  The **[twenty] 20-**day period shall be calculated from the date of Service upon the inquiring Judicial Officer and shall be so computed as to exclude the first and include the last day of such period.  Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of the Commonwealth or of the United States, such day shall be omitted from the computation.

8.13.4   A request for reconsideration filed with the Board will delay the publication of an Opinion but will not affect the Rule of Reliance unless the Board grants reconsideration.

8.13.5   If the Board grants reconsideration, the Board may take one or more of the following actions:

(a)    Adopt the Advice as originally issued.

(b)    Modify the issued Opinion.

(c)    Withdraw the Opinion and take no further action; or

(d)    Other action as the Board deems appropriate.

**9.0    Service of Decisions:**

When an inquiring Judicial Officer authorizes Service of Decisions through electronic means, Service shall be through email address confirmed by the inquiring Judicial Officer. Any electronic service of a decision through email shall be by pdf attachment **[accessible only through a password]**.

If the inquiring Judicial Officer does not authorize electronic service, Service of Decisions shall be by First Class Mail. Service occurs upon deposit of the item with the U.S. Mail (First Class)**[; or the date of acceptance by the Judicial Officer or an authorized agent (Certified Mail, Return Receipt Requested); or the date of transmission if issued by email or fax]**.

Staff shall serve an Opinion that reverses or modifies an Advice by Certified Mail, Return Receipt requested, in addition to any electronic Service.

## 10.0   Docketing/Numbering

### 10.1   Request Number

Regardless of format (paper correspondence, email, fax, *etc.*), **[the JEAB] Staff** will assign every written Request a sequential Request Number as required by **[Pa.R.J.E.A.B] Rule 202 (Assignment to Panel; Composition of Panel)**.  The Request Number will be formatted as the letter "R" [Request] followed by a sequential number and the two-digit calendar year (Rx-YY).

### 10.2   Advice Number

Once Staff determines that a Request will be assigned to a Panel, Staff will assign the file an Advice Number.  The Advice Number will be formatted as the last two digits of the calendar year followed by a sequential number beginning with 101 (YY-1xx).

### 10.3   Opinion Number

Staff shall assign every Opinion of the Board **[with]** an Opinion Number. The Opinion Number will be formatted as a sequential number followed by JEAB and the four-digit calendar year (x-JEAB-YYYY).

## 11.0   General Ethics Guidance

The Board, at its discretion, may issue general ethics advisory guidance (General Guidance) on topics of interest and concern to persons subject to the Codes.  A subsequent Opinion of the Board regarding the same subject matter of General Guidance shall be deemed to supersede the prior General Guidance.

## 12.0   Exigent Circumstances

Under **[Pa.R.J.E.A.B.] Rule** 201 **(Standards and Timing for Requests)**, a Judicial Officer may submit a Request to the Board in writing at least 14 days prior to the event or action giving rise to the question.  The Chairperson may waive this requirement for good cause shown if exigent circumstances exist and a Panel can responsibly and meaningfully address the Request in the time available.  In those instances, the following procedures shall apply:

12.1    Exigent Intake

An inquiring Judicial Officer may initiate a Request by contacting Staff by telephone at 717-705-1785, by email to JEAB@pacourts.us, or by the most expedient means available to the Judicial Officer.  The Request should include all information required under these Regulations.  If the Judicial Officer relays the information **[verbally] orally**, the Judicial Officer shall immediately commit the Request to writing directed to Staff.  The inquiring Judicial Officer's failure to reduce the Request to writing shall preclude the **[JEAB] Board** from issuing an Advice.

12.2    Exigent Panel Assignment

Upon receiving an exigent Request, Staff shall docket the Request, assign the Request a number as provided for under Section 10.0 of these Regulations, and forward the Request to a Panel for an Advisory Opinion.

12.3    Exigent Advice

Unless the Panel declines to issue an Advisory Opinion because it cannot responsibly and meaningfully provide an Advice (which decision shall be immediately communicated to the Judicial Officer), the Panel shall expeditiously proceed to render an Advice that shall be communicated by Staff to the Judicial Officer.  Where the Panel Advice is initially communicated **[verbally] orally**, the Panel shall promptly commit the Advice to writing, and Staff shall promptly Serve the written Advice on the Judicial Officer.

12.4    Exigent Board Consideration

Once the Panel issues a written Advice, the Board shall then consider the Advice as provided for under Sections 8.10 through 8.13 of these Regulations.


**13.0    [Citation to Authority**

**Nothing in either the Rules or these Regulations shall prohibit either the Board, a Panel, an individual Member, or Staff from citing, referencing, or**

**considering any previously issued opinion or findings of the Ethics Committees of the Pennsylvania Conference of State Trial Judges ("PCSTJ") and/or the Special Court Judges Association of Pennsylvania ("SCJAP") as persuasive authority in reaching a Board Decision as to an Advice, Opinion, or General Guidance.**

**14.0] Waiver**

The Chair may, in its discretion, waive any administrative provision of these Regulations when, in the Chair's judgment, the proper interests of the Board and/or the interests of an inquiring Judicial Officer require such action by the Chair. Waiver of any confidentiality provision pertaining to a Judicial Officer shall not be allowed unless agreed to by the Judicial Officer.

**1[5]4.0      Amendments**

These Regulations may be amended by a majority of the Board after giving at least **[thirty (]**30**[)]** days advance written notice of proposed changes to each Member.

1**[5]4**.1   Court Approval

Under **[Pa.R.J.E.A.B.]** Rule 104(d)(3), Regulations are subject to approval by the Supreme Court.  Any amendment shall take effect immediately upon approval by the Supreme Court or as otherwise ordered by the Supreme Court.

1**[5]4**.2   Pending Amendments

Until the Court approves a proposed amendment, the Regulations as last adopted and approved shall remain in effect.